IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

SAMUEL E. HARRIS,  )
                                )
    Plaintiff,          )
                                )
v.                                       )          Civil Action No. 3:14CV553–HEH
                                )
MELISSA WELCH, *et al.*,    )
                                )
    Defendants.     )

**MEMORANDUM OPINION**
(Dismissing With Prejudice 42 U.S.C. § 1983 Action)

Samuel E. Harris, a Virginia inmate proceeding *pro se* and *in forma pauperis*, filed this action, pursuant to 42 U.S.C. § 1983.[1] The matter is before the Court for evaluation under 28 U.S.C. §§ 1915(e)(2) and 1915A.

A.    **Preliminary Review**

Pursuant to the Prison Litigation Reform Act ("PLRA") this Court must dismiss any action filed by a prisoner if the Court determines the action (1) "is frivolous" or (2) "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2); *see* 28 U.S.C. § 1915A. The first standard includes claims based upon "'an indisputably meritless legal theory,'" or claims where the "'factual contentions are clearly baseless.'" *Clay v. Yates*, 809 F. Supp. 417, 427 (E.D. Va. 1992) (quoting *Neitzke v. Williams*, 490

---

[1] The statute provides, in pertinent part:

> Every person who, under color of any statute . . . of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

42 U.S.C. § 1983.

U.S. 319, 327 (1989)). The second standard is the familiar standard for a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993); *see also Martin*, 980 F.2d at 952. This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (second alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Plaintiffs cannot satisfy this standard with complaints containing only "labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Id.* (citations omitted). Instead, a plaintiff must allege facts sufficient "to raise a right to relief above the speculative level," *id.* (citation omitted), stating a claim that is "plausible on its face," *id.* at 570, rather than merely "conceivable." *Id.* "A

2

claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Bell Atl. Corp.*, 550 U.S. at 556). In order for a claim or complaint to survive dismissal for failure to state a claim, therefore, a plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." *Bass v. E.I. DuPont de Nemours & Co.*, 324 F.3d 761, 765 (4th Cir. 2003) (citing *Dickson v. Microsoft Corp.*, 309 F.3d 193, 213 (4th Cir. 2002); *Iodice v. United States*, 289 F.3d 270, 281 (4th Cir. 2002)). Lastly, while the Court liberally construes *pro se* complaints, *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), it will not act as the inmate's advocate and develop, *sua sponte*, statutory and constitutional claims that the inmate failed to clearly raise on the face of his complaint. *See Brock v. Carroll*, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

B.  **Summary of Allegations**

In his complaint, Harris complains that it is unfair that he should be forced to save money for his release, when it is unlikely that he will ever be released. Specifically, Harris alleges:

> Article 17 (2) of the Universal Declaration of Human Rights, states that: "No one shall be arbitrarily deprived of his property." However on January 1, 2012 the Virginia Department of Correction in pursuant to Va. Code § 53.1-43.1, established for each inmate a personal trust account. Unless an inmate has been sentenced to be executed or is serving a sentence of life without the possibility of parole, 10 % of any funds received or monies earned by an inmate from any source shall be deposited by the department in the inmate's personal trust account until the account has a balance of $1000.00.

3

> This code is in direct contradiction to the Virginia Department of Corrections "<u>Virginia Adult Re-Entry Initiative</u>," which states that a "<u>lifer</u>" is defined as "offender whose combined length of sentence and age total more than 80 years. These offenders are likely to live out their life in prison. Also intensive and expensive programs resources do not target these offenders other than as needed to help them function well in prison."
> These two policies are contradictive.
> On several occasions the plaintiff submitted request forms seeking information concerning if any exemptions were available, being that he is serving a very lengthy sentence, without the possibility of parole.
> The Va. Code 53.1-43 stipulates that these funds in the inmate personal trust account shall be paid to the inmate upon parole or final [sic] discharge. What happens to this account if I die in prison? As stated in the initiative I'm most likely to live out the rest of my life in prison.
> This code is in direct contradiction to the Virginia Adult Re-Entry Initiative Executive Summary. And it violates article 17 (2) of the Universal Declaration of Human Rights.

(Compl. 5 (citations omitted).)[2]

### C. Analysis

In order to state a viable claim under 42 U.S.C. § 1983, a plaintiff must allege that a person acting under color of state law deprived him or her of either a constitutional right or a right conferred by a law of the United States. *See Dowe v. Total Action Against Poverty in Roanoke Valley*, 145 F.3d 653, 658 (4th Cir. 1998) (citing 42 U.S.C. § 1983). Harris fails to identify the deprivation of any right conferred upon him by the Constitution or the laws of the United States. *See Bey v. Ohio*, No. 1:11–CV–01048, 2011 WL 4007719, at *2 (N.D. Ohio Sept. 9, 2011) (explaining that the "'Universal Declaration of Humans Rights'. . . [is] not recognized by United States federal courts as legally binding").[3] Accordingly, Harris's claim and the action will be dismissed. The

---

[2] The Court employs the pagination assigned to the Complaint by the CM/ECF docketing system. The Court corrects the capitalization and punctuation in the quotations to Harris's submissions.
[3] Harris has not claimed Defendants' actions deprived him of property without due process of law. Moreover, it is extremely doubtful he could adequately plead any such claim. *See Washlefske v. Winston*,

Clerk will be directed to note the disposition of the action for the purposes of 28 U.S.C. § 1915(g).

An appropriate Order will accompany this Memorandum Opinion.

/s/

Henry E. Hudson
United States District Judge

Date: March 24, 2015
Richmond, Virginia

---

234 F.3d 179, 186 (4th Cir. 2000) (holding that Virginia statutes create and define a limited property right in the funds held in prison accounts, which do not grant full rights of possession, control, and disposition over the amounts "earned" and credited to the prisoner's account.)

5